UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81729-CIV-ALTMAN

**DANIEL ALEZIE**,

    *Plaintiff*,

*v.*

**RIC BRADSHAW**,

    *Defendant.*
_____/

## ORDER

The Plaintiff, Daniel Alezie, a pre-trial detainee, filed a *pro se* lawsuit under 42 U.S.C. § 1983. In the Complaint, the Plaintiff makes a single factual allegation: that "[his] legal mail documents [were] exposed and copied before [they] were delivered to [him]." Complaint [ECF No. 1] at 3. As a result, he says, his pending criminal case was "tainted" and should be "dismissed with prejudice." *Id.* at 3–4. After screening the Complaint under 28 U.S.C. § 1915A, we **DISMISS** it without prejudice because it fails to state a claim.[1]

## THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." § 1915A(c). In screening a prisoner's complaint, the Court must "dismiss the complaint[ ] or any portion of the complaint," when it is (1)

---

[1] The Plaintiff also filed a Motion to Proceed *In Forma Pauperis* [ECF No. 3], which we **DENY as moot**.

"frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" or (2) "seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, that leniency "does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action." *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011).

### ANALYSIS

In his Complaint, the Plaintiff names one defendant—Sheriff Ric Bradshaw. But he doesn't claim that Sheriff Bradshaw did anything with respect to his mail—or, for that matter, that he did anything at all. *See generally* Complaint. Using the passive voice, the Plaintiff alleges only that "[his] legal mail documents [were] exposed and copied before [they] were delivered to [him]." *Id.* at 3. It's true that "inmates have a constitutionally protected right to have their properly marked attorney mail opened in their presence." *Al-Amin v. Smith*, 511 F.3d 1317, 1331 (11th Cir. 2008). But the Plaintiff never explains how Sheriff Bradshaw deprived him of any constitutional rights. *See generally* Complaint.

These bare and conclusory allegations aren't entitled to the presumption of truth. *See Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth."); *Womack v. Carroll Cnty., Ga.*, 840 F. App'x 404, 405 (11th Cir.

2020) "[W]e need not accept as true the plaintiff's legal conclusions, including those couched as factual allegations."). And the Plaintiff doesn't assert any facts from which we can reasonably infer that he's entitled to relief. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *cf. Lomax v. Cap. Rental Agency, Inc.*, 427 F. App'x 713, 714 (11th Cir. 2011) ("Although we show leniency to *pro se* litigants, we will not serve as *de facto* counsel or rewrite an otherwise deficient pleading in order to sustain an action." (cleaned up)).

Nor could the Plaintiff plausibly claim that Sheriff Bradshaw is liable as a supervisor of other prison officials. Supervisory officials "are *not* liable under section 1983 on the basis of *respondeat superior* or vicarious liability." *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1396 (11th Cir. 1994) (emphasis added & cleaned up). "Supervisors can be held 'liable under . . . § 1983, for the unconstitutional acts of their subordinates if [1] they personally participated in the allegedly unconstitutional conduct or [2] if there is a causal connection between their actions . . . and the alleged constitutional deprivation.'" *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (quoting *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008)).

But, again, the Plaintiff hasn't alleged that Sheriff Bradshaw was directly involved in the alleged mail interference—and he's established no "causal connection" between the Sheriff and his mail. The latter would have required the Plaintiff to show "(1) a history of widespread abuse [that] puts the responsible supervisor on notice of the need to correct the alleged deprivation and he failed to do so; (2) the supervisor's improper custom or policy led to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Hendrix*, 535

F. App'x at 805 (cleaned up). The Plaintiff hasn't made *any* allegations about Sheriff Bradshaw—much less has he suggested a history of widespread abuses, an improper custom or policy, or a failure to stop subordinates from acting unlawfully. Without this causal connection, the Plaintiff cannot show that Sheriff Bradshaw violated his constitutional rights. *See Michel*, 816 F.3d at 694 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Hendrix*, 535 F. App'x at 805 (defining "a causal connection").

The Plaintiff, in short, has failed to state a claim upon which relief can be granted. *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1106–07 (11th Cir. 2015) ("To avoid dismissal for failure to state a claim on which relief can be granted, a complaint must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting *Iqbal*, 556 U.S. at 678)).

\*\*\*

Having carefully reviewed the Complaint, the record, and the governing law, the Court hereby **ORDERS and ADJUDGES** that the Complaint [ECF No. 1] is **DISMISSED without prejudice** under § 1915A for failure to state a claim. Any pending motions are **DENIED** as moot. All deadlines are **TERMINATED**. The Clerk shall **CLOSE** this case.

The Plaintiff may, if he wishes, file an amended complaint by **October 21, 2021**. The amended complaint, if filed, cannot exceed **20 pages**, must comply with the Federal Rules of Civil Procedure and the Court's Local Rules, and must cure the deficiencies identified in this Order. The Plaintiff must also re-file an adequate motion for leave to proceed *in forma pauperis* or pay the full $402 filing fee by that date. Failure to adhere to these instructions, or a failure to file the amended complaint by the Court's deadline, shall result in the Court dismissing this case without further notice. Once the Plaintiff files an amended complaint, he may move to reopen the case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of September 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Daniel Alezie
       0331913
       Palm Beach County Jail
       Main Detention Center
       Inmate Mail/Parcels
       Post Office Box 24716
       West Palm Beach, FL 33416
       PRO SE